IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

STEPHEN ELLIOTT POWERS                                                           PLAINTIFF

v.                                                                          No. 4:10CV57-GHD-RP

DR. JOHN EVANS, ET AL.                                                          DEFENDANTS

ORDER *DENYING* PLAINTIFF'S MOTION [61] TO HOLD
THE DEFENDANTS IN CONTEMPT OF COURT
FOR FAILURE TO COMPLY WITH CONSENT ORDER,
*DENYING* COUNSEL'S MOTION [66] TO WITHDRAW,
*GRANTING* PLAINTIFF'S MOTION [65] FOR EVIDENTIARY HEARING

This matter comes before the court on the motion [61] by the plaintiff to hold the defendants in contempt of court for failure to comply with the terms of the consent order [33] entered by this court on March 7, 2013, which set forth general parameters for the defendants to follow to ensure that Mr. Powers receives adequate medical care. Mr. Powers is a Death Row inmate who has suffered a series of strokes causing significant impairment. In the contempt motion [61], Mr. Powers claims that the court should find that the defendants are in contempt of court for changing the date of a scheduled visit to a neurologist. In addition, counsel for the plaintiff has moved [66] to withdraw, and the plaintiff has requested [65] an evidentiary hearing to determine whether the defendants have complied with the 2013 consent order. For the reasons set forth below, the plaintiff's motion [61] for contempt will be denied, as will counsel's motion [66] to withdraw. The plaintiff's motion [65] for an evidentiary hearing will, however, be granted, and the court will refer the matter to the Magistrate Judge assigned to this case for Report and Recommendation.

In accordance with the Consent Order, on March 27, 2013, Mississippi Department of Corrections ("MDOC") medical personnel sent Powers to Dr. Pande, a neurologist in Greenwood, Mississippi. According to Dr. Pande's 2013 report, Mr. Powers' fixed deficits due to the stroke had

been stable for the past 6-7 years; the chances of Powers regaining full strength was "minimal," and "[n]o further rehab or work up is required at this time." Doc. 60 at 6. Dr. Pande also recommended "ASA for secondary prevention of another stroke." *Id.* "ASA" is aspirin, which medical personnel ordered. *Id.* at 2.

In January 2016, Mr. Powers told MDOC medical providers that he felt like he had experienced another stroke. MDOC medical staff conducted a full evaluation and determined that his neurological symptoms arose out of the damage caused by his previous strokes. However, to be cautious, MDOC arranged for Mr. Powers to see Dr. Pande, a nearby neurologist, in June 2016, the earliest date available. When Powers was not taken to the neurologist in June, he filed the instant motion for contempt, arguing that "the defendants have no intent in fully complying with the consent order in this cause." In their response to the motion, the defendants state that "Dr. Pande's office changed the date of Plaintiff's MRI to August 3, 2016, and the date of Plaintiff's office evaluation to August 9, 2016. These changes were not made at the request of, or due to any action/inaction on the part of this defendant or any MDOC personnel." Doc. 60 at 2. Indeed, according to the plaintiff, he underwent MRI testing on August 3 and reviewed the results with Dr. Pande on August 9, 2016. Doc. 64 at 3.

According to Mr. Powers, he visited Dr. Pande again on October 11, 2016, and complained that he was not been receiving his medications. Doc. 67 at 2. Dr. Pande then said that it was not his responsibility to ensure that MDOC provided Powers with medication. *Id.* Powers then saw Dr. Pande several times in January 2017, and the doctor again prescribed some medications, though Powers is not sure which ones. *Id.* at 3. Someone told Powers that Nurse Angela Brown had ordered the medicines in October 2016, but he did not get them until January 25, 2017. *Id.* at 3-4. The medications were Depakote and Divalproex (both for seizure prevention). *Id.* at 4.

Based upon the plaintiff's allegations and medical records provided, the court finds that the

defendants have substantially complied with the March 7, 2013, consent order. Powers has received frequent and regular medical care, and, when MDOC medical personnel were not supremely confident in their assessment of Powers' stroke symptoms, they sent him to Dr. Pande, a Free World neurologist. Dr. Pande then examined Powers, performed MRI testing, and apparently prescribed some anti-seizure medication. There appears to have been a delay of several months on MDOC's end, but Powers eventually received two different anti-seizure medications. In light of the documentary evidence before the court at present, the court holds that MDOC medical personnel are attending to Mr. Powers' medical needs, and his motion [61] for contempt will be denied.

## The Court's Continuing Jurisdiction

It has become clear that neither the plaintiff nor the defendants are satisfied with the consent order at this point. The 2013 consent order "resolve[d] the dispute between the Plaintiff . . . and the Defendant" regarding the plaintiff's stroke occurring in 2006 and the medical care he received from that point until he filed suit in 2010. Thus, the plaintiff's 2006 strokes and problems arising out of them are not at issue here. By the consent order's terms, the remedy for the defendant's failure to comply with the order is for the plaintiff to "apply to the Court for a finding of contempt or other appropriate relief." Mr. Powers has done so several times, and the court found each time that, based upon the documentary evidence, the defendants had substantially complied with the terms of the consent order. Over the years, the plaintiff has experienced several delays in treatment, and sometimes a course of treatment proves ineffective. These frustrations have led Mr. Powers to file several motions for contempt.

Mr. Powers would prefer a hearing on the merits as to level and consistency of his treatment after entry of the 2013 consent order. The defendants would also prefer a hearing on the merits to relieve them of the burden of compiling and submitting a semiannual medical report to the court, as

well as the burden of defending Mr. Powers' sporadic motions for contempt. In addition, Mr. Powers has made clear that he is not satisfied with the performance of his appointed counsel, who, as a consequence, has requested to withdraw. Doc. 66.

The consent order in this case has facilitated the court's monitoring of Mr. Powers' serious medical conditions for the last several years; however, given the findings of the neurologist, MDOC doctors, and medical staff, monitoring may no longer be necessary. The court has reviewed the reports and affidavits during the course of monitoring, but at this point it would be useful to see witnesses offer testimony in the crucible of cross-examination so that the court may judge their credibility. That testimony – along with documentary evidence – would paint a more complete picture of Mr. Powers' care than the reports received since the court entered the consent order. Such a hearing would make clear whether the court's monitoring of Mr. Powers' situation should continue.

For these reasons, the court will direct the Magistrate Judge assigned to this case to hold an evidentiary hearing to determine: (1) whether the overall level of care Mr. Powers has received after entry of the consent order in this case has been constitutionally adequate and substantially in compliance with the consent order; and (2) based upon the first finding, whether the consent order should remain in force. Given the cognitive and speech deficits Mr. Powers suffers as a result of his major stroke in 2006, counsel's motion [66] to withdraw as Mr. Powers' attorney will be denied without prejudice. Mr. Powers will need counsel to present his case during the evidentiary hearing. Once the hearing is complete, Mr. Powers and his attorney may revisit the issue of withdrawal of counsel.

In sum:

(1) Stephen Powers' motion [61] for contempt is **DENIED**;

(2) the motion [66] by plaintiff's counsel to withdraw as attorney is **DENIED**;

(3) the plaintiff's motion [65] for evidentiary hearing is **GRANTED**; and

(4) by separate order, the Magistrate Judge assigned to this case will set an evidentiary hearing to determine the level of medical care Mr. Powers has received after entry of the consent order in this case, and whether the court should maintain jurisdiction over this case for monitoring.

**SO ORDERED**, this, the 15th day of March, 2017.

_____
SENIOR JUDGE